R. SOMERSET DEN, Appellant, v. CHARLES FERNALD,
Respondent.

No. 2215; February 8, 1859.

**Judicial Officer—Liability for Acts.**—An act of any sort by
a judicial officer, provided it is judicial in character, is not a thing
the officer can be made to answer for in an action by the person con-
ceiving himself aggrieved.

APPEAL from Santa Barbara County.

J. A. McDougall, for the appellant.

BALDWIN, J.—Plaintiff sues defendant, who is alleged
to be the judge of the county court of Santa Barbara, for
issuing an attachment for contempt committed against the
defendant, as commissioner of the United States court. The
particular facts are not set out. The general averment is
made that the arrest was unjust and illegal, and that the
defendant issued the warrant or attachment for the arrest
of defendant [plaintiff] without authority of law.

The complaint does not aver any want of authority in
the plaintiff as United States commissioner to cause the de-
fendant to be arrested for contempt; though it asserts in
general terms that the plaintiff issued this warrant without
authority of law. This may be, and yet the defendant not
be liable to an action; for if the defendant, acting judicially,
had any power in the premises, he could not be held respon-
sible civiliter for any erroneous proceedings in the exercise
of such jurisdiction. It is not averred what description of
commissioner the defendant was, or under what circumstances
the alleged contempt was committed, or in what it consisted,
or what were the proceedings connected with the order of
arrest. Enough is disclosed to show that the action com-
plained of—whatever it was—was judicial, and it is to be
presumed, in the absence of any showing to the contrary,
that it was regular; certainly not beyond the jurisdiction of
the officer.

The complaint for this and other grounds was demurrable.
The judgment is affirmed.

I concur: Terry, C. J.